## John Ferguson *v.* The State.

1. Grand Jury — Indictment. — The indictment in this case commences, "In the name and by the authority of the State of Texas: The grand jurors of the county of Erath, in the State of Texas, good and lawful men, duly tried, empanelled, sworn, and charged by the district judge, at the June term, A. D. 1878, of the District Court of said county, to inquire into, and true presentment make of all offences therein committed against the penal laws of the State of Texas, upon their oaths present," etc. *Held,* that these recitals show that the indictment was presented by a legal grand jury, who took the oath prescribed by law.

2. Assault with Intent to Murder. — See the opinion for facts sufficient to establish all the ingredients of an assault with intent to murder.

3. Same — Charge of the Court. — A charge properly defining murder, and giving the meaning of the terms "malice" and "malice aforethought," and further instructing the jury that "whenever it appears, upon a trial for assault with intent to murder, that the offence would have been murder had death resulted therefrom, the person committing such assault is deemed guilty of an assault with intent to murder," was a proper instruction in a trial for assault with intent to murder.

Appeal from the District Court of Erath. Tried below before the Hon. T. L. Nugent.

The opinion states the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.   The defendant was indicted for, and convicted of, an assault with intent to murder, and the case is now before this court on appeal.

It is contended by the defendant that the indictment " is not sufficient, in that it purports to have been presented by a grand jury whose oath is different from that prescribed by law," and that " it does not purport to be the presentment of a legally composed grand jury."   This point is presented for the first time in defendant's assignments of error.

The indictment commences as follows: " In the name and by the authority of the State of Texas : The grand jurors of the county of Erath, in the State of Texas, good and lawful men, duly tried, empanelled, sworn, and, charged by the district judge, at the June term, A. D. 1878, of the District Court of said county, to inquire into, and true presentment make of all offences therein committed against the penal laws of the State of Texas, upon their oaths present," etc. We believe that it sufficiently appears from the recitals in the indictment that it was presented by a legal grand jury, who took the oath prescribed by law.   *West* v. *The State*, decided at present term of this court, *ante*, p. 485.

A careful review of the evidence in this case satisfies us that all the necessary ingredients of an assault with intent to murder were proved.   The facts show, substantially, that J. B. Mayfield (the party on whom the assault is alleged to have been made by defendant) and others were at work on a school-house in Erath County, on the fifteenth day of April, 1878.   Late in the evening of that day, when they were about to quit work, Mayfield was going around the house picking up the nails that had fallen during the day, when the defendant, who was standing a few feet from

him, said, "Mayfield, I understand you have been talking about me." Mayfield replied, "John, what have I been saying?" Defendant said, "You have been talking about me!" Mayfield again asked him what he had been saying. At this time Mayfield had bowed his head, and was engaged in taking off a small bag he had fastened round his neck, in which he had been putting the nails as he picked them up. Without replying to Mayfield's last question, the defendant seized Mayfield with his left hand, and cut at him several times with a knife which he held in his right hand. Mayfield ran backwards, trying to save himself. Defendant struck Mayfield with the knife only once, and that was on the right arm, as he threw it up to ward off the blow, the knife going to the bone. Defendant continued to hold on to and to cut at Mayfield, as he retreated, until the father of the defendant caught him and pulled him loose. Mayfield was unarmed, and made no effort to get hold of any thing with which to defend himself. Before he cut Mayfield, defendant was noticed with his knife in his hand, with the back of his hand towards Mayfield. Mayfield testified that he did not anticipate a difficulty; did not know defendant was mad with him, or even suspect as much.

We find no error in the charge. It correctly presents the law of the case, and is not liable to the objections urged against it. It correctly defined murder, and gave the jury the meaning of the terms "malice" and "malice aforethought" as ingredients in murder. The jury were instructed that "whenever it appears, upon a trial for assault with intent to murder, that the offence would have been murder had death resulted therefrom, the person committing such assault is deemed to have done the same with that intent." The court gave the defendant the benefit of a charge both on aggravated and simple assault; though, in our judgment, there is no evidence in the statement of facts which required it.

The court properly refused to give the special instructions

asked by the defendant. We have disposed of all the material questions presented in the record; others we have passed, because they are frivolous. The court did not err in overruling the motion for new trial. There being no error in the judgment of the District Court, it is therefore affirmed.

*Affirmed.*